# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

JARELL D. TERRY                                                                    PLAINTIFF
ADC #149998C

v.                                    2:20-cv-00122-BSM-JJV

JEREMY ANDREWS; *et al.*                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I. INTRODUCTION

Jarell Terry ("Plaintiff"), an inmate at the East Arkansas Maximum Unit of the Arkansas Division of Correction ("ADC"), filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He sued Warden Jeremy Andrews, ADC Grievance Officer Candace Woods, Grievance

Officer Brenda Perry, Captain & Grievance Officer Morieno Kelly, Warden James Dycus, Warden Emmer Branch, Assistant Director William Straughn. Plaintiff seeks damages. (Doc. 4.)

On June 26, 2020, I recommended Plaintiff's official capacity damages claims be dismissed with prejudice. (Doc. No. 7.) I further recommended Plaintiff's claim that Defendant Perry violated prison policy be dismissed without prejudice. (*Id.*) Additionally, I recommended Plaintiff's claims against Defendants Andrews, Straughn, Dycus, Branch, and Woods be dismissed without prejudice for failure to state a claim on which relief may be granted. (*Id.*) The Recommendation was adopted. (Doc. No. 36.) Defendants Andrews, Straughn, Dycus, Branch, and Woods have been dismissed from this action, as well as Plaintiff's official capacity damages claims and claim that Defendant Perry violated prison policy. (*Id.*).

Plaintiff also claimed that Defendant Perry retaliated against him in two ways: first, by withholding grievances in an attempt to prevent him from exhausting any administrative remedy and second, by destroying his legal documents. (Doc. No. 4.) Plaintiff's retaliation claim remains pending.

Defendant Perry has filed a Motion for Judgment on the Pleadings arguing that Plaintiff has not pled a plausible claim against her. (Doc. Nos. 52, 53.) Plaintiff has filed what the Court interprets as a response in the form of a Motion to Dismiss. (Doc. No. 58.) After careful consideration and for the following reasons, I recommend Defendant Perry's Motion be GRANTED, Plaintiff's retaliation claim against Defendant Perry be DISMISSED without prejudice, and Plaintiff's Motion to Dismiss be DENIED as moot.

**II.    STANDARD OF REVIEW**

Rules 12(b)(6) and (c) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

When considering a motion for judgment on the pleadings under these Rules, the court must accept as true all of the factual allegations contained in the complaint and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). The court reads the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). In addition to the complaint, the court may consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion for judgment on the pleadings, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016). The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal,* 556 at 678. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id.*

### III. ANALYSIS

Defendant Perry argues she is entitled to Judgment on the Pleadings. (Doc. No. 53.) She asserts: (a) Plaintiff does not have a constitutional right to have his grievances processed; (b) Plaintiff failed to plead any facts from which there is an inference of retaliatory animus;

(c) Plaintiff did not plead that the alleged adverse action would chill an ordinary person from filing grievances as a result of Defendant's alleged actions; and (d) Plaintiff lacks standing. (Doc. No. 53.)  As explained below, the Court finds Plaintiff failed to establish retaliatory animus, which is fatal to his claim.

Plaintiff has not plead any facts that show retaliatory animus or motive.  Plaintiff identified a non-defendant in the grievance, which calls for dismissal because "courts have refused to find retaliation where a prisoner fails to present evidence showing the particular defendant who is alleged to have taken the retaliatory action was aware of, or was affected by the prisoner's earlier constitutionally protected activity from which retaliatory animus could be inferred." *Smith v. Iverson*, No. 8:19CV298, 2019 U.S. Dist. LEXIS 157599, *32 (D. Neb. Sept. 16, 2019). *See also Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (plaintiff failed to state a retaliation claim where he failed to allege sufficient facts from which retaliatory animus could be inferred); *Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019) (affirming summary judgment where plaintiff did not allege facts connecting defendants to the challenged actions); *Antonelli v. Tipton*, Case No. 08-3123, 2009 WL 4825169 at *904 (8th Cir. Dec. 16 2009) (per curiam) (plaintiff "failed to state a retaliation claim because he . . . failed to allege which defendants were involved in or affected by his grievances."). As explained in *Rienholtz v. Campbell*, "an inmate cannot immunize himself . . . merely by filing grievances and then claiming that everything that happens to him is retaliatory." 64 F. Supp. 2d 721, 733 (W.D. Tenn. 1999) (internal citation omitted).  "If that were so, then every prisoner could obtain review of non-cognizable claims merely by filing a lawsuit or grievance and then perpetually claiming retaliation." *Id*.

Plaintiff does not allege Defendant Perry peppered sprayed him or was engaged in the incident that Plaintiff grieved. Plaintiff did not file a grievance against Defendant Perry.  Merely

stating that Defendant Perry prevented him from exhausting grievances does not provide an inference of retaliatory animus or motive. Without any indication of retaliatory animus, Plaintiff's retaliation claim fails. Because I find Plaintiff's claim fails for this reason, I will not address Defendant Perry's remaining arguments.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendant Perry's Motion for Judgment on the Pleadings (Doc. No. 52) be GRANTED.

2. Plaintiff's claims against Defendant Perry be DIMISSED without prejudice.

3. Plaintiff's Motion to Dismiss (Doc. No. 58) be DENIED as moot.

4. This case be DISMISSED.

5. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 6th day of April 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE